NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MAURICE DAVIS,                         )
                                       )
                    Plaintiff,         )
                                       )        Civil Action No.: 07-5923 (JLL)
        v.                             )
                                       )              **OPINION**
UPS,                                   )
                                       )
                    Defendant.         )
_____)

**LINARES, District Judge.**

      The instant matter comes before the Court on the March 12, 2008, motion of Defendant United Parcel Service ("Defendant" or "UPS") to dismiss the Amended Complaint of Maurice Davis ("Plaintiff" or "Davis").  No oral argument was heard.  Fed. R. Civ. P. 78.  For the reasons set forth herein, Defendant's motion to dismiss is granted.

## INTRODUCTION

      Davis originally filed this action on December 12, 2007, alleging that he had been dismissed from his job at UPS following a workplace altercation had taken place on or about December 20, 2005.  This Court dismissed the original Complaint on December 28, 2007, for failure to comply with Federal Rule of Civil Procedure 8.  (Order of Dec. 28, 2007.)  This Court required that any further pleading by Davis indicate whether or not he had pursued his employment claims before the EEOC, as required by 42 U.S.C. § 200e-5.  (Id.)

      Plaintiff responded by filing an Amended Complaint, indicating that he sued for

retaliatory, wrongful termination, and that he had previously received a right to sue letter from the EEOC.  (Am. Compl.)  Defendant UPS filed its motion to dismiss on March 12, 2008, asserting that Davis failed to comply with this Court's December 28, 2007, Order; that Davis failed to exhaust his administrative remedies; and that the Amended Complaint fails to state a claim.  (Def. Br. at 1.)  UPS filed a supplemental letter concerning Davis's right-to-sue letter on March 26, 2008.  (Def. Letter of Mar. 26, 2008.)  Davis untimely responded to the motion to dismiss on June 25, July 2, and July 11, 2008.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

apply to all plaintiffs, when a plaintiff is proceeding <u>pro se</u>, the court must construe the complaint liberally.  <u>Altson v. Parker</u>, 363 F.3d 229, 233-34 (3d Cir. 2004); <u>U.S. v. Miller</u>, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing <u>pro se</u> plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a <u>pro se</u> plaintiff to a less exacting standard than one submitted by trained counsel.  <u>See</u> <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  With this framework in mind, the Court turns now to Defendants' motion.

**A.     Plaintiff's Compliance with the December 28, 2007 Order**

UPS urges this Court to dismiss this matter because Davis failed to attach his right-to-sue letter to the Amended Complaint.  (Def. Br. at 11.)  This Court finds that UPS is correct that this Court's December 28, 2007 Order required Davis to submit his EEOC charge and right-to-sue letter. (Order of Dec. 28, 2007.)  However, this Court waived those requirements of its December 28 Order on January 24, 2008, when, upon receipt of Davis's Amended Complaint and his cover letter thereto, it ordered that Davis's Amended Complaint be filed by the Clerk. (Order of Jan. 24, 2008.)  UPS's motion to dismiss is, therefore, denied insofar as it is based upon any failure of Davis to comply with the December 28, 2007 Order of this Court.

**B.     Failure to Exhaust**

Defendant argues that Davis's Amended Complaint should be dismissed for failure to administratively exhaust his claims.  (Def. Br. at 9.)  Specifically, UPS states that the latest date that Davis could have timely submitted his charge to the EEOC is June 18, 2006, and that the actual charge was filed on October 23, 2006.  (<u>Id.</u>)  Furthermore, UPS supplied the right-to-sue

letter issued by the EEOC to Davis, and UPS argues that Davis only had until February 26, 2007 to timely file his suit in this Court.  (Def. Letter of Mar. 26, 2008.)  Davis argues in opposition to Defendant's motion that he was unaware of the EEOC after his termination, that a friend told him of the EEOC's existence, and that upon learning of its existence he did file his charge on October 23, 2006.[2]  (Pl. Opp. Br. at 6.)  Davis also requests in his Amended Complaint that this court equitably toll the applicable statute of limitations in this matter.  (Am. Compl.)

"Before bringing an employment discrimination action under Title VII of the Civil Rights Act of 1964, an individual must file a charge with the EEOC within 180 days of the unlawful discriminatory act. If the EEOC dismisses the charge, the individual has ninety days from the EEOC right to sue letter to file an action. Both requirements—exhaustion and filing—are non-jurisdictional prerequisites, akin to statutes of limitations and are subject to waiver, estoppel and equitable tolling principles." Communications Workers of Am., Local 1033 v. New Jersey Dep't of Pers., 282 F.3d 213, 216-17 (3d Cir. 2002) (internal citations omitted).  Equitable tolling in the employment discrimination context requires that the defendant "actively mislead the plaintiff respecting the reason for the plaintiff's discharge," that the deception caused plaintiff's failure to comply with the statutory filing requirements, and that the plaintiff demonstrates that reasonable diligence would not have uncovered essential information bearing on the claim.[3] Reuhl v.

---

[2]This Court will consider Davis's untimely response to Defendant's motion out of deference to his pro se status, but pauses to note to both parties that the briefing for the instant motion fails to conform to the Local Civil Rules of the District of New Jersey in several ways, and that conformity with the Rules is compulsory for both counsel and pro se litigants.  Local Civ. R. 7.1(d)(2), 7.1(d)(6).

[3]Equitable tolling may also be appropriate where a plaintiff timely asserted a right in the wrong forum due to mistake.  Robinson v. Dalton, 107 F.3d 1018, 1022-23 (3d Cir. 1997). Plaintiff offers no argument supporting such a ground for tolling.

Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007).  On a motion to dismiss, this Court may look to undisputably authentic documents not attached to the complaint upon which the complaint relies.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Such documents include an EEOC charge and an associated right-to-sue letter issued by the EEOC.  See Goodling v. Warner-Lambert Co., 744 F.2d 354, 358 n.5 (3d Cir. 1984) (noting that the absence of a right-to-sue letter could constitute grounds for a Rule 12(b)(6) motion).

The last act of discrimination alleged by Davis in his Amended Complaint was his termination on December 20, 2005, after the workplace altercation.  (Am. Compl.)  The 180-day period to file his charge, therefore, expired in June of 2006.  Communications Workers of Am., Local 1033, 282 F.3d at 216-17.  In order for Davis to avoid this time bar, he must convince this Court that the 180-day period should be equitably tolled.  Reuhl, 500 F.3d at 384; Communications Workers of Am., Local 1033, 282 F.3d at 216-17; Robinson v. Dalton, 107 F.3d 1018, 1022-23 (3d Cir. 1997).  Davis's arguments with regard to tolling amount to his ignorance of the existence of the EEOC and the time limit for submitting his charge thereto, and that once apprised of the existence of the EEOC he filed his claim in short order.  (Pl. Opp. Br. at 6.)

This Court rejects Davis's argument for equitable tolling for reasons similar to those discussed in Ruehl v. Viacom, Inc.  500 F.3d at 384.  In Ruehl, a plaintiff argued in favor of equitable tolling of the requirement to exhaust a claim before the EEOC because he had signed an invalid release.  Id. (addressing ADEA claim).  The Third Circuit rejected this argument as legally insufficient to demonstrate equitable tolling: Reuhl's belief in the release's invalidity "did not cause his late filing because he, like everyone, has access to the law."  Id.  Davis's argument

here is analogous to Reuhl's: his ignorance of the 180-day filing requirement does not excuse his failure to file a timely charge, because Davis had the same access to the law as everyone else, and his laxity with regard to that demonstrates a clear absence of diligence.  Id.; In re Mushroom Transp. Co, Inc., 382 F.3d 325, 339 (3d Cir. 2004).  Davis's claim, therefore, is dismissed for failure to exhaust.  Because this ground alone suffices to dismiss Plaintiff's entire Amended Complaint, this Court declines to address whether or not Davis has stated a claim.

### CONCLUSION

For the forgoing reasons, this Court grants Defendant's motion.  An appropriate Order accompanies this Opinion.


DATED: September 3, 2008                          /s/ Jose L. Linares
                                                  United States District Judge

6